# United States Court of Appeals for the Fifth Circuit

No. 21-30676
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 28, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Quintarence Morris,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:20-CR-254-1

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Quintarence Morris appeals his within-guidelines 120-month sentence imposed following his guilty plea conviction for distribution of heroin. He asserts that the district court erred in applying the two-level

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

.

enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance and erred in applying the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon.

The "district court's application of § 2D1.1(b)(12) is a factual finding reviewed for clear error." *United States v. Haines*, 803 F.3d 713, 744 (5th Cir. 2015). Morris contends that the premises enhancement should not have applied because the Government failed to show that the frequency of the drug sales outweighed the primary use of his home as a residence. He also asks this court to adopt the "totality of the circumstances" test set forth in *United States v. Murphy*, 901 F.3d 1185 (10th Cir. 2018). We have held that the use of a premises as a residence does not preclude application of the premises enhancement where the use of the residence for the purpose of drug distribution is one of the primary uses of the residence. *United States v. Galicia*, 983 F.3d 842, 844 (5th Cir. 2020). The record reflects that one of the primary uses of Morris's home was for drug distribution. Accordingly, the district court did not clearly err in applying the premises enhancement. *See id.* at 845.

The district court's application of § 2D1.1(b)(1) is also a factual finding reviewed for clear error. *See United States v. King*, 773 F.3d 48, 53 (5th Cir. 2014). The Government showed that a firearm was in the same location as drugs and drug paraphernalia in Morris's home, and Morris fails to show that it was clearly improbable that the weapon was connected to the offense. *See King*, 773 F.3d at 53. Thus, the district court's application of § 2D1.1(b)(1) was not clearly erroneous. *See id*.

AFFIRMED.